OPINION of the Court, by
Ch. J. Boyee.
ThUf was a bill filed by Nathaniel Fox against Claiborne Fox, his son, and George Morton, administrator of Robert B. Morton, deceased, to obtain the amount of a bond passed by the decedent in his lifetime to Claiborne Fox. The bill alleges that Claiborne Fox was the mere agent of the complainant, and that the bond, though taken in the name of Claiborne Fox, belonged of right to the complainant, of which the defendant, Morton, had notice shortly after the bond became payable, and was required to make no further payments to Claiborne. Fox. It also suggests that the defendant, Morton, had in bis hands assets sufficient to satisfy the bond, exhibits an inventory returned by him to a large amount, and calls upon him to say whether he had not received other assets, and to state the amount.
Morton, in his answer, without controverting or expressly admitting the complainant’s right to the bond, sets up claim to sundry credits for payments made, both *393 to the complainant- andrto'Claiborne Fox, some ófáVhich lnade to Claiborne F«X appear tó have been after he had notice of the*complairtant?s claim to the ¡bond. *He admits the receipt of assets not contained in theinventory* but insists that there are judgments against him for more tha»4h® amount of the assets which have come to his h&nds. Claiborne Fox, in bis answer, admits the cotujferii ant’s right tq the bond ; confesses the payments alleged by his co-defendartt to have been made to him, and alleges that they were made in good faith and with full confidence that they would be applied ⅛ discharge of the bond.
The court below, on a final hearing, pronounced á decree against the defendant, Morton, for the balance due on the bond, without allowing him credit for the payments made to Claiborne Fox after notice of the complainant’s claim to th& bond; and from that decree Morton has appealed to this court.
We are of opinion that the decree is erroneous in not allowing the appellant credit for the payments made to Claiborne Fox after notice of the complainant’s claim.
He was under a legal obligation to pay the amount of the bond to Claiborne Fox; and unless he had been indemnified by the complainant against such obligation, lie could not in equity be bound to pay the bond to him; but notwithstanding the letter from the appellant, which ps the only evidence of his having notice of the complainant’s right, express!}' requires an indemnification for withholding payment from Claiborne Fox, yet it is not pretended that any such indemnity was offered by the complainant. But were this point doubtful, it surely Would have been more consistent with moral propriety, as well as with the principles which govern a court of equity, to have decreed Claiborne Fox to have refunde the money he had received improperly, than to ha pelled the appellant to pay it again, and left remedy over against Claiborne Fox. It is not that Claiborne Fox is insolvent or unable to p] as he in fact received the money to which the ci ant was in equity entitled, and was before the propriety of a decree against him could not hi
doubted, more especially as it would have put arnmd to any future litigation upon this point, which is alwa primary object with a court of equity.
*394 We are'also of opinion that the decree is erroneous ⅛ pejng pronounced against the appellant generally, instead of being, to be levied of the estate of his intestate.
At law there would be no question that in such a case as this record' presents, the judgment would be de bonis intestatoris, and not dc bonis propriis ; and equity, we apprehend, ought in this, as in other cases, to follow the law; at least it ought not to be more rig’orous and severe.
The decree reversed with costs, and the cause remanded for a decree to be there entered agreeably to tiie foregoing opinion-